# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS     SBN 108325
BEN J. MEISELAS     SBN 277412

Attorneys for Plaintiffs KALI ORFF and MICHELLE KRISTOL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI ORFF, an individual; and MICHELLE KRISTOL, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10;<br><br>Defendants. | Case No. **'17CV116 W   AGS**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF CIVIL RIGHTS—42 U.S.C. § 1983;**<br>2. **VIOLATION OF CIVIL RIGHTS—*MONELL* CLAIM;**<br>3. **DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION—CAL. CIV. CODE §§ 51(b), 52(a);**<br>4. **VIOLATION OF CIVIL RIGHTS—CAL. CIV. CODE § 52.1;**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>7. **PUBLIC DISCLOSURE OF PRIVATE FACTS;**<br>8. **FALSE LIGHT;**<br>9. **DEFAMATION;**<br>10. **SEXUAL BATTERY—CAL. CIV. CODE § 1708.5;**<br>11. **BATTERY** |

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 1 -

**UNLIMITED CIVIL JURISDICTION**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Detective Kali Orff was the victim of a sexual assault committed by Defendant Andrew Smithson that was investigated by Defendant City of Imperial Police Department ("IPD"). Since the night on which she was molested, Detective Orff has been repeatedly re-victimized by the Chief of IPD, Defendant Miguel Colon. Despite securing a confession from Detective Orff's assailant, Chief Colon refused to submit the sexual assault investigation to the District Attorney's office for over 100 days. Instead, Chief Colon has made repeated harassing phone calls to Detective Orff's commanding officer and her wife's commanding officer, suggesting Detective Orff is to blame for the assault she suffered and that she is unfit for duty.

2. Detective Orff and her wife, Detective Michelle Kristol, bring this action against Andrew Smithson, the City of Imperial, IPD, and Imperial Police Chief Miguel Colon, for Violations of 42 U.S.C. § 1983, *Monell* Violations, Discrimination on the Basis of Sexual Orientation (Cal. Civ. Code §§ 51(b), 52(a), Violations of Civil Rights (Cal. Civ. Code § 52.1), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Public Disclosure of Private Facts, False Light, Defamation, Sexual Battery (Cal. Civ. Code § 1708.5), and Battery.

///

COMPLAINT FOR DAMAGES

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**THE PARTIES**

3. At all times herein mentioned, Plaintiff, Detective Kali Orff, was and is a resident of the State of California, County of Imperial.

4. At all times herein mentioned, Plaintiff, Detective Michelle Kristol, was and is a resident of the State of California, County of Ventura.

5. At all times herein mentioned, the City of Imperial was and is a governmental entity organized and existing under the laws of the State of California.

6. At all times herein mentioned, the Imperial Police Department was and is a governmental entity organized and existing under the laws of the State of California.

7. At all times herein mentioned, Chief Miguel Colon was and is a resident of the State of California, County of Imperial.

8. At all times herein mentioned, Andrew Smithson was and is a resident of the State of California, County of Imperial.

9. Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOE OFFICERS 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege the true names and capacities of said Defendants when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the aforesaid fictitiously named Defendants is responsible in some manner for the happenings and occurrences hereinafter alleged, and that the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

10. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, Defendants DOE OFFICERS 1 through 10, inclusive, were, and now are, the agents, employees, servants, officers, and/or safety officers employed or retained by any or all Defendants.

///

///

- 3 -

## JURISDICTION AND VENUE

11.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because it is a civil rights action arising under the Constitution and laws of the United States.  This Court has supplemental jurisdiction over the remaining state law and common law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of California.  Pursuant to California Government Code section 910, Plaintiffs, and each of them, submitted a Government Tort Claim to the appropriate City of Imperial officials on June 29, 2016.  The instant action is timely brought within 6 months of the City of Imperial's July 22, 2016 rejection of Plaintiffs' Government Tort Claim.

## FACTUAL BACKGROUND

12.  Detective Orff is a detective with the Brawley Police Department.  Her wife, Detective Kristol, is a detective with the Ventura County Sheriff's Office.  Both have had long and decorated careers in law enforcement and enjoy the proud distinction of being female officers in the LGBT community.

13.  On or about January 31, 2016, Detective Orff and a group of close friends all met at a friend's home in the City of Imperial to celebrate a birthday.  After a night out of celebration, Detective Orff and her friends returned to the Imperial City home, where everybody was staying the night.

14.  Hours after going to bed, Detective Orff awoke to find that she was being sexually assaulted by Defendant Agent Andrew Smithson of U.S. Customs and Border Protection.  Defendant Smithson was the significant other of Orff's friend.  Detective Orff's pants had been unfastened and pulled down, and her assailant was rubbing his penis against her buttocks.

15.  Detective Orff punched her attacker in the face, called 911, and reported the sexual battery to the responding officers of Defendant IPD.

16.  After being interviewed by IPD officers, Detective Orff was transported

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

to Pioneers Memorial Hospital, where she had a S.A.R.T. rape exam completed by a nurse.

17. Detective Orff's assailant was taken into custody, and then released the same day.

18. IPD never made any attempt to determine the assailant's blood alcohol content or to gather any biological evidence from the assailant or his person.

19. To date, Defendant Smithson has not been charged with any crime, and remains free to work in a position of authority on the United States border, despite confessing to the sexual assault.

20. Following the assault, Defendant IPD failed to submit Detective Orff's case to the District Attorney's Office for over 100 days. This failure on the part of IPD was the result of actions by Defendant Miguel Colon, Chief of Defendant IPD, who made an active effort to interfere with the case.

21. Shortly after the sexual assault, Chief Colon called Detective Orff's boss at the Brawley Police Department, and gave him the details of Orff's sexual assault. During his conversation with Orff's boss, Chief Colon also accused Orff of being immoral because of her sexual orientation. He further blamed Orff for being victimized. In disclosing details about the assault that Detective Orff suffered, Chief Colon violated Detective Orff's rights under the California Constitution, which grants the victim of a crime the right to "be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal or juvenile justice process." Cal. Const. art. I, § 28(b)(1).

22. On or about May 16, 2016, Detective Orff's wife, Detective Kristol, contacted IPD to get an explanation as to why Detective Orff's case had not been submitted to the District Attorney. In response, Chief Colon contacted Detective Kristol's boss, and began to divulge details of Detective Orff's assault to him and to attack Detective Orff's character and fitness as an officer.

23. Contrary to standard procedure, Detective Orff's case was not promptly

submitted to the District Attorney's office for review upon completion of the investigation.

24. Only after receipt of the Government 910 claim related to this action did IPD and Chief Colon submit their investigation to the District Attorney.

25. Under pressure from Chief Colon, the District Attorney's Office declined to prosecute, citing an unknown level of intoxication of the assailant. This was a simple piece of evidence that IPD failed to recover.

26. To date, Detective Orff's attacker has not been taken into custody, and he currently remains as a U.S. Customs and Border Protection agent, months after having confessed to his assault of Detective Orff.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights—42 U.S.C. § 1983

### (Plaintiffs Against Officer Defendants)

27. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. Defendants Chief Miguel Colon and Doe Officers 1–10 (hereinafter collectively referred to as "Officer Defendants") were, at all relevant times, law enforcement officers with the Imperial Police Department who were acting under color of state law.

29. Officer Defendants, acting under color of state law, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the rights of Due Process and Equal Protection secured by the Fifth and Fourteenth Amendments, and the right to privacy as established in *Griswold v. Connecticut*, 381 U.S. 479 (1965), by interfering with the prosecution of the sexual assault to which Detective Orff was subjected, and by disclosing the details of this sexual assault and of Detective Orff's sexual orientation to her employer and the employer of her spouse.

30. As a proximate result of the foregoing wrongful acts of Officer

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Defendants, and each of them, Plaintiffs suffered damages, including embarrassment, emotional distress, and harm to reputation in an amount in accordance with proof.

31.    In doing the foregoing wrongful acts, Officer Defendants, and each of them, acted with reckless and callous disregard for the constitutional rights of Plaintiffs.  The wrongful acts, and each of them, were wilful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual Officer Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

32.    Due to the conduct of Officer Defendants, and each of them, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights—*Monell* Claim

### (Plaintiffs Against Defendants City of Imperial and Imperial Police Department)

33.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

34.    Defendants City of Imperial and Imperial Police Department knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

35.    These policies and customs include, but are not limited to, the deliberately indifferent training of law enforcement officers in the mishandling of criminal cases to be prosecuted, the misuse of confidential information that officers come to know in the exercise of their law enforcement duties, the ratification of police misconduct, and the failure to conduct adequate unbiased investigations of police misconduct such that future violations do not occur.

36.    Plaintiffs are informed and believe, and thereon allege, that the abovementioned customs and policies were the moving force behind the violations of

Plaintiffs' rights.   Based upon the principles set forth in *Monell v. New York City Dep't of Social Services*, Defendants City of Imperial and IPD are liable for all of the injuries sustained by Plaintiffs as set forth above.

37.   As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiffs sustained damages, including embarrassment, emotional distress, and harm to reputation, in an amount in accordance with proof.

38.   Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## THIRD CAUSE OF ACTION

### Discrimination on the Basis of Sexual Orientation—Cal. Civ. Code §§ 51(b), 52(a)

### (Plaintiff Orff Against Defendants City of Imperial, IPD, and Officer Defendants)

39.   Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

40.   Section 51(b) of the California Civil Code Provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . sexual orientation . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."   Cal. Civ. Code § 51(b).   Section 51(e)(7) further defines sexual orientation as "heterosexuality, homosexuality, and bisexuality."   Cal. Civ. Code § 51(e)(7), Cal. Gov't Code § 12926(s).

41.   For purposes of Civil Code section 51(b) "the term 'business establishment' [is] used in the broadest sense reasonably possible." *Harris v. Mothers Against Drunk Driving* (1995) 40 Cal.App.4th 16, 21 (quoting *O'Connor v. Village Green Owners Assn.* (1983) 33 Cal.3d 790, 795) *as modified (Nov. 30, 1995)*. "The term 'business' 'embraces everything about which one can be employed, and it is

often synonymous with 'calling, occupation, or trade . . . .'' *Id.* (quoting *O'Connor*, 33 Cal.3d at 795). It is thus clear that a law enforcement facility at which police personnel serve the public to sustain their livelihood constitutes a "business establishment" under Civil Code section 51(b).

42. Section 52(a) of the California Civil Code provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 . . . is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury . . . ."

43. Defendants discriminated against Detective Orff in violation of Civil Code sections 51(b) and 52(a) by refusing to submit her case to the District Attorney pursuant to standard procedure, and by calling Detective Orff's employer and her wife's employer to assassinate Detective Orff's character in response to Plaintiffs' inquiries regarding the status of the case. Defendants' conduct violated sections 51(b) and 52(a) of the Civil Code because their unfavorable treatment of Detective Orff was premised on Detective Orff's homosexual sexual orientation.

44. As a direct and proximate result of the tortious, unlawful, and wrongful acts of Defendants, Detective Orff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule.

45. In engaging in the conduct as hereinabove alleged, Defendants acted with malice, fraud, and oppression and/or in conscious disregard of Detective Orff's health, rights, and wellbeing, and intended to subject Detective Orff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

///

///

///

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**Violation of Civil Rights—Cal. Civ. Code § 52.1**

**(Plaintiff Orff Against Defendant Colon)**

46.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

47.     Section 52.1 of the California Civil Code provides: "Any individual whose exercise or enjoyment of rights secured by . . . the Constitution or laws of this state, has been interfered with . . . [by threat, intimidation, or coercion], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages . . . ."

48.     The California Constitution, provides that the victim of a crime has the right to "be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal or juvenile justice process." Cal. Const. art. I, § 28(b)(1).

49.     Defendant Chief Colon interfered with Detective Orff's right to be treated with fairness and respect for her privacy and dignity as the victim of the crime of sexual assault.

50.     Defendant Chief Colon's interference with Detective Orff's rights violated Civil Code section 52.1 because (1) Defendant Chief Colon unfairly refused to forward Detective Orff's case to the District Attorney in violation of Chief Colon's duty as a law enforcement officer, and (2) because Defendant Chief Colon violated Detective Orff's right to privacy and dignity by attempting to coerce Defendant Orff's commanding officer into terminating Detective Orff through Defendant Chief Colon's allegations that Detective Orff was unfit for duty.

51.     In engaging in the conduct as hereinabove alleged, Defendant Chief Colon acted with malice, fraud, and oppression and/or in conscious disregard of Detective Orff's health, rights, and wellbeing, and intended to subject Detective Orff to unjust hardship, thereby warranting an assessment of punitive damages in an

COMPLAINT FOR DAMAGES

amount sufficient to punish Defendant Chief Colon and deter others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiffs Against all Defendants)

52.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

53.    By interfering with the prosecution of Detective Orff's sexual assault case, and by disclosing the details of this case to her employer and the employer of her spouse, Officer Defendants perpetrated extreme and outrageous conduct against Plaintiffs of a type that exceeds the bounds of decency tolerated in a civilized society.

54.    Officer Defendants engaged in their extreme and outrageous conduct against Plaintiffs with the intent to cause Plaintiffs extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiffs would result from this conduct.

55.    By placing and keeping Defendant Colon in a position of authority at the Imperial Police Department, and by ignoring Defendant Colon's heinous conduct, Defendants City of Imperial and IPD engaged in extreme and outrageous conduct against Plaintiffs of a type that exceeds the bounds of decency tolerated in a civilized society.

56.    Defendants City of Imperial and Imperial Police Department engaged in their extreme and outrageous conduct against Plaintiffs with the intent to cause Plaintiffs extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiffs would result from this conduct.

57.    By rubbing his penis against Detective Orff's buttocks while Detective Orff was sleeping, Defendant Smithson perpetrated extreme and outrageous conduct against Detective Orff of a type that exceeds the bounds of decency tolerated in a civilized society.

- 11 -

58. Defendant Smithson engaged in his extreme and outrageous conduct against Detective Orff with the intent to cause Detective Orff extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Detective Orff would result from this conduct.

59. Defendants' acts constitute the tort of Intentional Infliction of Emotional Distress under the laws of this State. Defendants' intentional infliction of emotional distress against Plaintiffs was a direct and proximate cause of harm to them. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiffs have suffered past and future damages in an amount according to proof at trial.

60. Defendants' wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally inflicted emotional distress upon Plaintiffs for the purpose of harming and injuring Plaintiffs. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Plaintiffs Against All Defendants)

61. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

62. Officer Defendants and Defendants City of Imperial and IPD owed a duty to Plaintiffs to exercise due care in carrying out their law enforcement functions so as not to create an unreasonable risk of harm to Plaintiffs.

63. Defendant Chief Colon breached his duty by unjustifiably disclosing the details of Detective Orff's sexual assault to her employer and the employer of her spouse and by unjustifiably berating Detective Orff to both employers, assassinating her character, and claiming that she was unfit for duty.

64. Defendants City of Imperial, IPD, and Doe Officers 1–10 breached their

- 12 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

duty to Plaintiffs by retaining Defendant Chief Colon in a position of authority within the City of Imperial law enforcement system, and or cooperating with him despite his failure to see to the prompt and proper prosecution of the criminal case arising out of the sexual assault that Detective Orff suffered.

65. Defendant Smithson owed a duty to Detective Orff to conduct himself with due care, and to behave in such a manner as to avoid creating an unreasonable risk of harm to Detective Orff.

66. Defendant Agent Smithson Breached this duty by sexually assaulting Orff.

67. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiffs suffered shame, humiliation, and severe emotional distress. Plaintiffs have accordingly suffered special and general damages in excess of the jurisdictional limit of this Court.

## SEVENTH CAUSE OF ACTION

### Public Disclosure of Private Facts

### (Plaintiff Orff Against Defendant Colon)

68. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

69. Defendant Chief Colon publicized private information concerning Plaintiff Orff by disclosing the details of the sexual assault to which Plaintiff Orff was subjected to her employer and to the employer of her spouse.

70. Due to the fact that the crime of sexual assault causes great trauma to its victims, that this crime involves the most private and intimate parts of the human body, and that disclosure of the details of an instance of sexual assault tends to expose the victim of the assault to shame, embarrassment, and obloquy, a reasonable person in Detective Orff's position would consider the disclosure of the details of the sexual assault to which Detective Orff was subjected to be highly offensive.

71. Due to the highly sensitive nature of information related to the crime of

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 13 -

COMPLAINT FOR DAMAGES

sexual assault, Defendant Chief Colon knew—or else acted with reckless disregard for the fact—that his disclosure of the details of the sexual assault to which Detective Orff was subjected would be highly offensive to a reasonable person.

72. Defendant Chief Colon made his disclosures regarding the sexual assault to which Detective Orff was subjected to Detective Orff's employer, and to the employer of her spouse, even though neither employer had any legitimate interest in or concern for the information disclosed.

73. Defendant Chief Colon's disclosure of the details of the sexual assault to which Detective Orff was subjected was a direct and proximate cause of harm to Detective Orff. As a direct and proximate result of Defendant Chief Colon's disclosure, Detective Orff has suffered past and future damages in an amount according to proof at trial.

74. Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally disclosed private facts about Detective Orff for the purpose of harming and injuring Detective Orff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Chief Colon and deter others from engaging in similar conduct.

### EIGHTH CAUSE OF ACTION

### False Light

### (Plaintiff Orff Against Defendant Colon)

75. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

76. Defendant Chief Colon painted Detective Orff as an immoral and sexually deviant individual who was responsible for the attack that she suffered when he made his improper disclosures of the details of the sexual assault to which she was subjected to Detective Orff's employer and to the employer of her spouse.

77. In so characterizing Detective Orff, Defendant Chief Colon presented

- 14 -

COMPLAINT FOR DAMAGES

Detective Orff in a false light that would be highly offensive to a reasonable person in her position.

78. Defendant Chief Colon knew that the manner in which he characterized Detective Orff during his disclosures about her would create false and offensive impressions about Plaintiff, or else he should have known this or he acted with reckless disregard for the possibility that his disclosures would create false and offensive impressions about Detective Orff.

79. Defendant Chief Colon's presentation of Detective Orff in a false and offensive light was a direct and proximate cause of harm to Detective Orff. As a direct and proximate result of Defendant Chief Colon's disclosure, Detective Orff has suffered past and future damages in an amount according to proof at trial.

80. Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally cast Detective Orff in a false and offensive light for the purpose of harming and injuring her. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar conduct.

**NINTH CAUSE OF ACTION**

**Defamation**

**(Plaintiff Orff Against Defendant Colon)**

81. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

82. Defendant Chief Colon spread false and injurious information regarding Detective Orff by stating to Detective Orff's employer and her spouse's employer that Detective Orff was immoral and unfit for duty, when in actuality Detective Orff was an upstanding officer with an excellent service record.

83. Detective Orff is an upstanding law enforcement officer with an excellent reputation in the community. Defendant Chief Colon's false communication

- 15 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

concerning Detective Orff tended to injure her reputation by painting Detective Orff as unfit for her profession.

84.     The fact that the above-referenced false communication painted Detective Orff as unfit for her profession renders the communication slander per se, but nevertheless, Detective Orff has suffered actual damages as a result of the false communication in the form of shame, humiliation, and embarrassment.

85.     Defendant Chief Colon's act of making a false and injurious communication about Detective Orff constitutes the tort of Defamation under the laws of this State.  Defendant Chief Colon's defamation of Detective Orff's character was a direct and proximate cause of harm to her.  As a direct and proximate result of Defendant Chief Colon's defamation, Detective Orff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

86.     Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally defamed Detective Orff for the purpose of harming and injuring her.  This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Chief Colon and deter others from engaging in similar conduct.

## TENTH CAUSE OF ACTION

### Sexual Battery

### (Plaintiff Orff Against Defendant Smithson)

87.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

88.     Section 1708.5(a)(1) of the California Civil Code states that a person commits sexual battery when that person "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results."  Section 1708.5(d) further defines "intimate part" to include the "buttocks of any person."

- 16 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

89.   Section 1708.5(b) of the California Civil Code provides that "[a] person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages."

90.   Defendant Smithson's act of rubbing his penis against Detective Orff's buttocks was an act of sexual battery against Detective Orff, and entitles Detective Orff to appropriate remedies.  Defendant Smithson's sexual battery against Detective Orff was a direct and proximate cause of harm to her.  As a direct and proximate result of Defendant Smithson's sexual battery against Detective Orff, Detective Orff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

91.   Defendant Smithson's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Smithson intentionally engaged in sexual battery against Detective Orff for the purpose of harming and injuring Detective Orff.  This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Smithson and deter others from engaging in similar conduct.

## ELEVENTH CAUSE OF ACTION

### Battery

### (Plaintiff Orff Against Defendant Smithson)

92.   Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

93.   By willfully rubbing his penis against Detective Orff's buttocks, Defendant Smithson intended to cause and did in fact cause harmful and offensive contact with the person of Detective Orff, which resulted in harm to Detective Orff.

94.   Defendant Smithson's act of intentionally bringing about harmful and offensive contact with the person of Detective Orff constitutes the tort of Battery under the laws of this State.

95. As a direct and proximate result of Defendant Smithson's battery against Detective Orff, Detective Orff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

96. In engaging in the conduct as hereinabove alleged, Defendant Smithson acted with malice, fraud, and oppression and/or in conscious disregard of Detective Orff's health, rights, and wellbeing, and intended to subject Detective Orff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Smithson and deter others from engaging in similar conduct.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;

2. For special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages with respect to the First, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action;

4. For costs of suit;

5. For reasonable attorney's fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

DATED: January 20 , 2017                    **GERAGOS** & **GERAGOS, APC**


By:  s/Mark J. Geragos
MARK J. GERAGOS
BEN J. MEISELAS
Attorneys for Plaintiffs
KALI ORFF and MICHELLE
KRISTOL

**GERAGOS** & **GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiffs Kali Orff and Michelle Kristol hereby demand a jury trial.


DATED:  January 20 , 2017                    **GERAGOS & GERAGOS, APC**


By:  s/Mark J. Geragos
      MARK J. GERAGOS
      BEN J. MEISELAS
      Attorneys for Plaintiffs
      KALI ORFF and MICHELLE
      KRISTOL

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

COMPLAINT FOR DAMAGES

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

KALI ORFF, an individual; and MICHELLE KRISTOL, an individual

**DEFENDANTS**

CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10

**(b)** County of Residence of First Listed Plaintiff     Imperial County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, CA 90017; Telephone (213) 625-3900

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability / Product Liability |  |  | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 367 Health Care/ |  | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury |  | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' / Product Liability |  | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ❏ 368 Asbestos Personal Injury Product Liability |  | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 340 Marine |  |  | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle / ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability / ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Injury / ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice / ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
|  |  | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** |  | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting / ❏ 463 Alien Detainee |  | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment / ❏ 510 Motions to Vacate Sentence |  |  |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations / ❏ 530 General |  |  | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment / ❏ 535 Death Penalty |  |  |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** |  |  |
|  | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application |  |  |
|  | ❏ 448 Education / ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions |  |  |
|  | ❏ 555 Prison Condition |  |  |  |
|  | ❏ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
VIOLATION OF CIVIL RIGHTS

**VII. REQUESTED IN COMPLAINT:**

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ❏ No

**VIII. RELATED CASE(S) IF ANY**     *(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
01/20/2017

SIGNATURE OF ATTORNEY OF RECORD
s/Mark J. Geragos

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.