# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS     SBN 108325
DAVID W. GAMMILL   SBN 258286
Attorneys for Plaintiffs KALI ORFF and MICHELLE KRISTOL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

KALI ORFF, an individual; and
MICHELLE KRISTOL, an individual;

      Plaintiffs,

      vs.

CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10;

      Defendants.

</td><td>

Case No.: 17-CV-0116 (AGS)

**FIRST AMENDED COMPLAINT:**

1. **VIOLATION OF CIVIL RIGHTS—42 U.S.C. § 1983;**
2. **VIOLATION OF CIVIL RIGHTS—*MONELL* CLAIM;**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
5. **PUBLIC DISCLOSURE OF PRIVATE FACTS;**
6. **FALSE LIGHT;**
7. **DEFAMATION;**
8. **SEXUAL BATTERY—CAL. CIV. CODE § 1708.5;**
9. **BATTERY**

**UNLIMITED CIVIL JURISDICTION**

**DEMAND FOR JURY TRIAL**

</td></tr>
</table>

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 1 -

FIRST AMENDED COMPLAINT

**INTRODUCTION**

1.      Detective Kali Orff was the victim of a sexual assault committed by Defendant Andrew Smithson that was investigated by Defendant City of Imperial Police Department ("IPD").  Since the night on which she was molested, Detective Orff has been repeatedly re-victimized by the Chief of IPD, Defendant Miguel Colon. Despite securing a confession from Detective Orff's assailant, Chief Colon refused to submit the sexual assault investigation to the District Attorney's office for over 100 days.  Instead, Chief Colon has made repeated harassing phone calls to Detective Orff's commanding officer and her wife's commanding officer, suggesting Detective Orff is to blame for the assault she suffered and that she is unfit for duty.

2.      Detective Orff and her wife, Detective Michelle Kristol, bring this action against Andrew Smithson, the City of Imperial, IPD, and Imperial Police Chief Miguel Colon, for Violations of 42 U.S.C. § 1983, *Monell* Violations, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Public Disclosure of Private Facts, False Light, Defamation, Sexual Battery (Cal. Civ. Code § 1708.5), and Battery.

**THE PARTIES**

3.      At all times herein mentioned, Plaintiff, Detective Kali Orff, was and is a resident of the State of California, County of Imperial.

4.      At all times herein mentioned, Plaintiff, Detective Michelle Kristol, was and is a resident of the State of California, County of Ventura.

5.      At all times herein mentioned, the City of Imperial was and is a governmental entity organized and existing under the laws of the State of California.

6.      At all times herein mentioned, the Imperial Police Department was and is a governmental entity organized and existing under the laws of the State of California.

7.      At all times herein mentioned, Chief Miguel Colon was and is a resident of the State of California, County of Imperial.

8.      At all times herein mentioned, Andrew Smithson was and is a resident of

FIRST AMENDED COMPLAINT

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

the State of California, County of Imperial.

9. Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOE OFFICERS 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege the true names and capacities of said Defendants when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the aforesaid fictitiously named Defendants is responsible in some manner for the happenings and occurrences hereinafter alleged, and that the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

10. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, Defendants DOE OFFICERS 1 through 10, inclusive, were, and now are, the agents, employees, servants, officers, and/or safety officers employed or retained by any or all Defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because it is a civil rights action arising under the Constitution and laws of the United States. This Court has supplemental jurisdiction over the remaining state law and common law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of California. Pursuant to California Government Code § 910, Plaintiffs, and each of them, submitted a Government Tort Claim to the appropriate City of Imperial officials on June 29, 2016. The instant action is timely brought within 6 months of the City of Imperial's July 22, 2016 rejection of Plaintiffs' Government Tort Claim.

## FACTUAL BACKGROUND

13. Detective Orff is a detective with the Brawley Police Department. Her wife, Detective Kristol, is a detective with the Ventura County Sheriff's Office. Both have had long and decorated careers in law enforcement and enjoy the proud

- 3 -

distinction of being female officers in the LGBT community.

14.     On or about January 31, 2016, Detective Orff and a group of close friends all met at a friend's home in the City of Imperial to celebrate a birthday.  After a night out of celebration, Detective Orff and her friends returned to the Imperial City home, where everybody was staying the night.

15.     Hours after going to bed, Detective Orff awoke to find that she was being sexually assaulted by Defendant Agent Andrew Smithson of U.S. Customs and Border Protection.  Defendant Smithson was the significant other of Orff's friend.  Detective Orff's pants had been unfastened and pulled down, and her assailant was rubbing his penis against her buttocks.

16.     Detective Orff punched her attacker in the face, called 911, and reported the sexual battery to the responding officers of Defendant IPD.

17.     After being interviewed by IPD officers, Detective Orff was transported to Pioneers Memorial Hospital, where she had a S.A.R.T. rape exam completed by a nurse.

18.     Detective Orff's assailant was taken into custody, and then released the same day.

19.     IPD never made any attempt to determine the assailant's blood alcohol content or to gather any biological evidence from the assailant or his person.

20.     To date, Defendant Smithson has not been charged with any crime, and remains free to work in a position of authority on the United States border, despite confessing to the sexual assault.

21.     Following the assault, Defendant IPD failed to submit Detective Orff's case to the District Attorney's Office for over 100 days.  This failure on the part of IPD was the result of actions by Defendant Miguel Colon, Chief of Defendant IPD, who made an active effort to interfere with the case.

22.     Shortly after the sexual assault, Chief Colon called Detective Orff's boss at the Brawley Police Department, and gave him the details of Orff's sexual assault.

- 4 -

FIRST AMENDED COMPLAINT

During his conversation with Orff's boss, Chief Colon also accused Orff of being immoral because of her sexual orientation. He further blamed Orff for being victimized.

23. In disclosing details about the assault that Detective Orff suffered, Chief Colon violated Detective Orff's right to privacy under the United States Constitution. In addition, Chief Colon violated Detective Orff's rights under the California Constitution, which grants the victim of a crime the right to "be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal or juvenile justice process." Cal. Const. art. I, § 28(b)(1).

24. On or about May 16, 2016, Detective Orff's wife, Detective Kristol, contacted IPD to get an explanation as to why Detective Orff's case had not been submitted to the District Attorney. In response, Chief Colon contacted Detective Kristol's boss, and began to divulge details of Detective Orff's assault to him and to attack Detective Orff's character and fitness as an officer.

25. Contrary to standard procedure, Detective Orff's case was not promptly submitted to the District Attorney's office for review upon completion of the investigation.

26. Only after receipt of the Government 910 claim related to this action did IPD and Chief Colon submit their investigation to the District Attorney.

27. Under pressure from Chief Colon, the District Attorney's Office declined to prosecute, citing an unknown level of intoxication of the assailant. This was a simple piece of evidence that IPD failed to recover.

28. To date, Detective Orff's attacker has not been taken into custody, and he currently remains as a U.S. Customs and Border Protection agent, months after having confessed to his assault of Detective Orff.

- 5 -

FIRST AMENDED COMPLAINT

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# FIRST CAUSE OF ACTION

## Violation of Civil Rights—42 U.S.C. § 1983

### (Plaintiff Kali Orff Against Officer Defendants)

29. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. Defendants Chief Miguel Colon and Doe Officers 1–10 (hereinafter collectively referred to as "Officer Defendants") were, at all relevant times, law enforcement officers with the Imperial Police Department who were acting under color of state law.

31. Officer Defendants, acting under color of state law, deprived Detective Orff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including: (1) her right to Equal Protection under the Fourteenth Amendment, and (2) her right to the right to privacy as established in *Griswold v. Connecticut*, 381 U.S. 479 (1965).

32. Officer Defendants deprived Detective Orff of her right to freedom from the discriminatory denial of police services when they interfered with the prosecution of Detective Orff's sexual assault because of her sexual orientation.

33. In addition, Officer Defendants deprived Detective Orff of her right to privacy by disclosing the details of her sexual assault and of Detective Orff's sexual orientation to her employer and the employer of her spouse.

34. As a proximate result of the foregoing wrongful acts of Officer Defendants, and each of them, Detective Orff suffered damages, including embarrassment, emotional distress, and harm to reputation in an amount in accordance with proof.

35. In doing the foregoing wrongful acts, Officer Defendants, and each of them, acted with reckless and callous disregard for the constitutional rights of Detective Orff. The wrongful acts, and each of them, were wilful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each

- 6 -

individual Officer Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

36.     Due to the conduct of Officer Defendants, and each of them, Detective Orff has been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights—*Monell* Claim

### (Plaintiff Kali Orff Against Defendants City of Imperial and Imperial Police Department)

37.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

38.     Defendants City of Imperial and Imperial Police Department is liable for Officer Defendants' unconstitutional deprivation of Detective Orff's rights to Equal Protection and privacy because Defendant Chief Colon himself perpetrated and ratified said deprivation.

39.     Defendant Chief Colon is an official policymaker for Defendant City of Imperial and Imperial Police Department.

40.     Accordingly, based upon the principles set forth in *Monell v. New York City Dep't of Social Services*, Defendants City of Imperial and IPD are liable for all of the injuries sustained by Detective Orff as set forth above.

41.     As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Detective Orff sustained damages, including embarrassment, emotional distress, and harm to reputation, in an amount in accordance with proof.

42.     Due to the conduct of Defendants, and each of them, Detective Orff has been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 7 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## THIRD CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Plaintiff Kali Orff Against all Defendants and Plaintiff Michelle Kristol Against Defendants City of Imperial, the Imperial Police Department, and Officer Defendants)**

43.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

44.    By interfering with the prosecution of Detective Orff's sexual assault case, and by disclosing the details of this case to her employer and the employer of her spouse, Officer Defendants perpetrated extreme and outrageous conduct against Plaintiffs of a type that exceeds the bounds of decency tolerated in a civilized society.

45.    Officer Defendants engaged in their extreme and outrageous conduct against Plaintiffs with the intent to cause Plaintiffs extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiffs would result from this conduct.

46.    By rubbing his penis against Detective Orff's buttocks while Detective Orff was sleeping, Defendant Smithson perpetrated extreme and outrageous conduct against Detective Orff of a type that exceeds the bounds of decency tolerated in a civilized society.

47.    Defendant Smithson engaged in his extreme and outrageous conduct against Detective Orff with the intent to cause Detective Orff extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Detective Orff would result from this conduct.

48.    Defendants' acts constitute the tort of Intentional Infliction of Emotional Distress under the laws of this State.  Defendants' intentional infliction of emotional distress against Plaintiffs was a direct and proximate cause of harm to them.  As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiffs have suffered past and future damages in an amount according to proof at

- 8 -

trial.

49.     Defendants' wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally inflicted emotional distress upon Plaintiffs for the purpose of harming and injuring Plaintiffs.   This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Plaintiff Kali Orff Against all Defendants and Plaintiff Michelle Kristol Against Defendants City of Imperial, the Imperial Police Department, and Officer Defendants)

50.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

51.     Officer Defendants and Defendants City of Imperial and IPD owed a duty to Plaintiffs to exercise due care in carrying out their law enforcement functions so as not to create an unreasonable risk of harm to them.

52.     By interfering with the prosecution of Detective Orff's sexual assault case Officer Defendants and Defendants City of Imperial and IPD breached their duty to Plaintiffs.

53.     Defendant Chief Colon also breached his duty to Plaintiffs by unjustifiably disclosing the details of Detective Orff's sexual assault to her employer and the employer of her spouse and by unjustifiably berating Detective Orff to both employers, assassinating her character, and claiming that she was unfit for duty.

54.     Defendant Smithson owed a duty to Detective Orff to conduct himself with due care, and to behave in such a manner as to avoid creating an unreasonable risk of harm to Detective Orff.

55.     Defendant Smithson breached this duty by sexually assaulting Detective Orff.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 9 -

56. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiffs have suffered shame, humiliation, and severe emotional distress. Plaintiffs have accordingly suffered special and general damages in excess of the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

### Public Disclosure of Private Facts

### (Plaintiff Kali Orff Against Defendant Miguel Colon)

57. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

58. Defendant Chief Colon publicized private information concerning Plaintiff Orff by disclosing the details of the sexual assault to which Plaintiff Orff was subjected to her employer and to the employer of her spouse.

59. Due to the fact that the crime of sexual assault causes great trauma to its victims, that this crime involves the most private and intimate parts of the human body, and that disclosure of the details of an instance of sexual assault tends to expose the victim of the assault to shame, embarrassment, and obloquy, a reasonable person in Detective Orff's position would consider the disclosure of the details of the sexual assault to which Detective Orff was subjected to be highly offensive.

60. Due to the highly sensitive nature of information related to the crime of sexual assault, Defendant Chief Colon knew—or else acted with reckless disregard for the fact—that his disclosure of the details of the sexual assault to which Detective Orff was subjected would be highly offensive to a reasonable person.

61. Defendant Chief Colon made his disclosures regarding the sexual assault to which Detective Orff was subjected to Detective Orff's employer, and to the employer of her spouse, even though neither employer had any legitimate interest in or concern for the information disclosed.

62. Defendant Chief Colon's disclosure of the details of the sexual assault to which Detective Orff was subjected was a direct and proximate cause of harm to

- 10 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Detective Orff. As a direct and proximate result of Defendant Chief Colon's disclosure, Detective Orff has suffered past and future damages in an amount according to proof at trial.

63. Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally disclosed private facts about Detective Orff for the purpose of harming and injuring Detective Orff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Chief Colon and deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION

### False Light

### (Plaintiff Kali Orff Against Defendant Miguel Colon)

64. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65. Defendant Chief Colon painted Detective Orff as an immoral and sexually deviant individual who was responsible for the attack that she suffered when he made his improper disclosures of the details of the sexual assault to which she was subjected to Detective Orff's employer and to the employer of her spouse.

66. In so characterizing Detective Orff, Defendant Chief Colon presented Detective Orff in a false light that would be highly offensive to a reasonable person in her position.

67. Defendant Chief Colon knew that the manner in which he characterized Detective Orff during his disclosures about her would create false and offensive impressions about Plaintiff, or else he should have known this or he acted with reckless disregard for the possibility that his disclosures would create false and offensive impressions about Detective Orff.

68. Defendant Chief Colon's presentation of Detective Orff in a false and offensive light was a direct and proximate cause of harm to Detective Orff. As a

- 11 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

direct and proximate result of Defendant Chief Colon's disclosure, Detective Orff has suffered past and future damages in an amount according to proof at trial.

69. Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally cast Detective Orff in a false and offensive light for the purpose of harming and injuring her. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar conduct.

## SEVENTH CAUSE OF ACTION

### Defamation

### (Plaintiff Kali Orff Against Defendant Miguel Colon)

70. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

71. Defendant Chief Colon spread false and injurious information regarding Detective Orff by stating to Detective Orff's employer and her spouse's employer that Detective Orff was immoral and unfit for duty, when in actuality Detective Orff was an upstanding officer with an excellent service record.

72. Detective Orff is an upstanding law enforcement officer with an excellent reputation in the community. Defendant Chief Colon's false communication concerning Detective Orff tended to injure her reputation by painting Detective Orff as unfit for her profession.

73. The fact that the above-referenced false communication painted Detective Orff as unfit for her profession renders the communication slander per se, but nevertheless, Detective Orff has suffered actual damages as a result of the false communication in the form of shame, humiliation, and embarrassment.

74. Defendant Chief Colon's act of making a false and injurious communication about Detective Orff constitutes the tort of Defamation under the laws of this State. Defendant Chief Colon's defamation of Detective Orff's character was a

- 12 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

direct and proximate cause of harm to her. As a direct and proximate result of Defendant Chief Colon's defamation, Detective Orff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

75. Defendant Chief Colon's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Chief Colon intentionally defamed Detective Orff for the purpose of harming and injuring her.  This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Chief Colon and deter others from engaging in similar conduct.

## EIGHTH CAUSE OF ACTION

### Sexual Battery

### (Plaintiff Kali Orff Against Defendant Andrew Smithson)

76. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77. Section 1708.5(a)(1) of the California Civil Code states that a person commits sexual battery when that person "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results."  Section 1708.5(d) further defines "intimate part" to include the "buttocks of any person."

78. Section 1708.5(b) of the California Civil Code provides that "[a] person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages."

79. Defendant Smithson's act of rubbing his penis against Detective Orff's buttocks was an act of sexual battery against Detective Orff, and entitles Detective Orff to appropriate remedies.  Defendant Smithson's sexual battery against Detective Orff was a direct and proximate cause of harm to her.  As a direct and proximate result of Defendant Smithson's sexual battery against Detective Orff, Detective Orff has

- 13 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

80.     Defendant Smithson's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendant Smithson intentionally engaged in sexual battery against Detective Orff for the purpose of harming and injuring Detective Orff.  This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendant Smithson and deter others from engaging in similar conduct.

## NINTH CAUSE OF ACTION

### Battery

### (Plaintiff Kali Orff Against Defendant Andrew Smithson)

81.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

82.     By willfully rubbing his penis against Detective Orff's buttocks, Defendant Smithson intended to cause and did in fact cause harmful and offensive contact with the person of Detective Orff, which resulted in harm to Detective Orff.

83.     Defendant Smithson's act of intentionally bringing about harmful and offensive contact with the person of Detective Orff constitutes the tort of Battery under the laws of this State.

84.     As a direct and proximate result of Defendant Smithson's battery against Detective Orff, Detective Orff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

85.     In engaging in the conduct as hereinabove alleged, Defendant Smithson acted with malice, fraud, and oppression and/or in conscious disregard of Detective Orff's health, rights, and wellbeing, and intended to subject Detective Orff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Smithson and deter others from engaging in similar conduct.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 14 -

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;

2. For special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages with respect to the First, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action;

4. For costs of suit;

5. For reasonable attorney's fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

DATED:  June 26 , 2017                    **GERAGOS & GERAGOS, APC**


By:_/s/ David W. Gammill_____
     MARK J. GERAGOS
     DAVID W. GAMMILL
     Attorneys for Plaintiffs
     KALI ORFF and MICHELLE
     KRISTOL

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 15 -

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs Kali Orff and Michelle Kristol hereby demand a jury trial.

DATED:  June 26, 2017                    **GERAGOS** & **GERAGOS, APC**

By:  /s/ David W. Gammill_____
    MARK J. GERAGOS
    DAVID W. GAMMILL
    Attorneys for Plaintiffs
    KALI ORFF and MICHELLE
    KRISTOL

**GERAGOS** & **GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 16 -

FIRST AMENDED COMPLAINT