**GIBBS & FUERST LLP**

600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

**MICHAEL T. GIBBS, Bar No. 076519**
**KEVIN L. BORGEN, Bar No. 176766**

Attorneys for Defendant ANDREW SMITHSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI ORFF, an individual; and MICHELLE KRISTOL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1-10, <br><br> Defendants. | No.  17-cv-00116 W AGS <br><br> **DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **Demand for Jury Trial** <br><br> Hon. Thomas J. Whelan |

1

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Andrew Smithson (hereinafter "Smithson") in answer to the First Amended Complaint of Kali Orff and Michelle Kristol (hereinafter "plaintiffs"), on file herein, for himself alone, denies and alleges as follows:

In accordance with Federal Rule of Civil Procedure 8(b), this answering defendant specifically denies each and every allegation of the First Amended Complaint except those expressly admitted in this Answer below.

1.    With regard to Paragraph 2 of the First Amended Complaint, Smithson admits that plaintiffs have brought their lawsuit as alleged.

2.    Smithson admits Paragraphs 3-8 & 11 of the First Amended Complaint.

3.    Smithson denies Paragraphs 9 and 10 of the First Amended Complaint.

4.    With regard to Paragraph 12 of the First Amended Complaint, Smithson admits that venue is proper, denies that Plaintiff's claims occurred, and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

5.    With regard to Paragraph 13 of the First Amended Complaint, Smithson admits that Plaintiffs are employed as alleged but lacks sufficient knowledge to admit or deny the alleged enjoyment of proud distinction within the LGBT Community and therefore denies it.

2

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

6.     With regard to Paragraph 14 of the First Amended Complaint, Smithson lacks sufficient knowledge about who specifically plaintiffs are referencing with regard to the alleged group of "friends and "everybody." Smithson otherwise admits Paragraph 14 of the First Amended Complaint.

7.     With regard to Paragraph 15 of the First Amended Complaint, Smithson admits he is the significant other of Orff's friend.  Smithson otherwise denies Paragraph 15 of the First Amended Complaint.

8.     With regard to Paragraph 16 of the First Amended Complaint, Smithson admits Orff punched Smithson in the face and that she reported a sexual battery to the police.  Smithson denies the allegation that he was an attacker and the allegation that a sexual battery occurred.

9.     Smithson lacks sufficient knowledge to admit or deny Paragraph 17 of the First Amended Complaint and therefore denies.

10.    Smithson denies Paragraph 18 of the First Amended Complaint.

11.    Smithson lacks sufficient knowledge to admit or deny Paragraph 19 of the First Amended Complaint and therefore denies.

12.    With regard to Paragraph 20 of the First Amended Complaint, Smithson admits he has not been charged with a crime and that he works as a U.S. Customs and Border Protection agent.  Smithson denies confessing to sexual assault.

3

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

13. With regard to Paragraphs 21-24 of the First Amended Complaint, Smithson denies the alleged assault and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

14. Smithson lacks sufficient knowledge to admit or deny Paragraphs 25-27 of the First Amended Complaint and therefore denies.

15. With regard to Paragraph 28 of the First Amended Complaint, Smithson admits he has not been taken into custody and that he works as a U.S. Customs and Border Protection agent. Smithson denies confessing to an assault of Plaintiff Orff.

16. Smithson neither admits nor denies the allegations contained in Paragraph 29 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

17. With regard to Paragraphs 30-36 of the First Amended Complaint, Smithson denies the assault alleged in Paragraphs 32 & 33 and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

18. Smithson neither admits nor denies the allegations contained in Paragraph 37 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

///

///

4

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

19.    With regard to Paragraphs 38-42 of the First Amended Complaint, Smithson lacks sufficient knowledge to admit or deny and therefore denies.

20.    Smithson neither admits nor denies the allegations contained in Paragraph 43 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

21.    With regard to Paragraphs 44 & 45 of the First Amended Complaint, Smithson denies the assault alleged in Paragraph 44 and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

22.    Smithson denies Paragraphs 46-49 of the First Amended Complaint.

23.    Smithson neither admits nor denies the allegations contained in Paragraph 50 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

24.    With regard to Paragraphs 51-53 of the First Amended Complaint, Smithson denies the assault alleged in Paragraphs 52 & 53 and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

///

///

5

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

25. With regard to Paragraph 54 of the First Amended Complaint, Smithson lacks sufficient knowledge as to what Plaintiffs are referring to admit or deny and therefore denies.

26. Smithson denies Paragraphs 55-56 of the First Amended Complaint.

27. Smithson neither admits nor denies the allegations contained in Paragraph 57 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

28. With regard to Paragraph 58 of the First Amended Complaint, Smithson denies the alleged assault and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

29. Smithson denies Paragraph 59 of the First Amended Complaint.

30. With regard to Paragraphs 60-63 of the First Amended Complaint, Smithson denies the assault alleged in Paragraphs 60-62 and otherwise lacks sufficient knowledge to admit or deny and therefore denies.

31. Smithson neither admits nor denies the allegations contained in Paragraph 64 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

32.    With regard to Paragraphs 65-69 of the First Amended Complaint, Smithson lacks sufficient knowledge to admit or deny and therefore denies.

33.    Smithson neither admits nor denies the allegations contained in Paragraph 70 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

34.    With regard to Paragraphs 71-75 of the First Amended Complaint, Smithson lacks sufficient knowledge to admit or deny and therefore denies.

35.    Smithson neither admits nor denies the allegations contained in Paragraph 76 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

36.    Smithson admits Paragraphs 77 & 78 of the First Amended Complaint.

37.    Smithson denies Paragraphs 79 & 80 of the First Amended Complaint.

38.    Smithson neither admits nor denies the allegations contained in Paragraph 81 of the First Amended Complaint because it consists merely of reference to other paragraphs in the First Amended Complaint.

39.    Smithson denies Paragraphs 82-85 of the First Amended Complaint.

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

## PRAYER FOR RELIEF

Smithson neither admits nor denies the allegations contained in Page 15:2 – 15:9 of the First Amended Complaint because the allegations contained in Page 15:2 – 15:9 of the First Amended Complaint merely consist of a prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that the First Amended Complaint, and each purported count or claim stated therein, fails to state facts sufficient to constitute claims for relief against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that the First Amended Complaint, and each purported count or claim stated therein, is barred by the doctrine of res judicata and/or collateral estoppel.

## THIRD AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges the rights asserted by plaintiffs are unenforceable as a matter of public policy.

///

///

8

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that plaintiffs' claims and alleged damages are barred by the avoidable consequences doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that plaintiffs, by the exercise of diligence, could have mitigated against their claimed damages; therefore, their damages, if any, must be reduced, diminished or defeated by such amounts as should have been mitigated.

## SIXTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that the plaintiffs have voluntarily and knowingly waived any and all claims they may have had against this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that any contact between Smithson and Plaintiff Orff was consensual.

## EIGHTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that plaintiffs waited an unreasonable period of time to complain of the matters set forth in their First Amended Complaint to the prejudice of this answering defendant. Plaintiffs are therefore guilty of laches.

9

## NINETH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that by virtue of plaintiffs' conduct, plaintiffs should be barred from recovering against these defendants by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that any contact between Smithson and Plaintiff Orff was a result of reasonable mistake.

## ELEVENTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that if he is held liable for damages to plaintiffs or any other party in any amount, Smithson is only severally liable in an amount equal to his apportioned share of liability for any damage suffered by plaintiffs or any other party. The fault, if any, of Smithson should be compared with the fault of other defendants or third parties and damages, if any, should be apportioned among the defendants or other parties in direct relation to each defendant or party's comparative fault.  Smithson should be obligated to pay only such damages, if any, which are directly attributable to his percentage of comparative fault.  To require Smithson to pay more than his percentage of comparative fault violates the equal protection and due process clauses of

///

10

the Constitution of the United States and the Constitution of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that any damages incurred by plaintiffs were directly and proximately caused or contributed by plaintiffs' own actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Smithson is informed and believes and thereon alleges that he may have additional, as yet unasserted, defenses to plaintiffs' First Amended Complaint or any purported cause of action contained therein.  Therefore, Smithson specifically reserves the right to assert additional affirmative defenses as deemed appropriate at a later time.

WHEREFORE, Smithson prays for judgment herein as follows:

1.     That plaintiffs take nothing by way of their First Amended Complaint;

2.     For costs of suit incurred herein, including attorney fees; and

/ / /

/ / /

/ / /

/ / /

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

3.      For such other and further relief as the court deems just and proper.


DATED:   July 10, 2017                    GIBBS & FUERST, LLP


                                          BY:   *s/Michael T. Gibbs*_____
                                                MICHAEL T. GIBBS
                                                KEVIN L. BORGEN
                                                Attorneys for Defendant ANDREW
                                                SMITHSON

12

DEFENDANT ANDREW SMITHSON'S ANSWER TO FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendant ANDREW SMITHSON hereby demands a jury trial as to the issues framed by the pleadings pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

DATED:  July 10, 2017             GIBBS & FUERST


                                 BY:   s/Michael T. Gibbs
                                       MICHAEL T. GIBBS
                                       KEVIN L. BORGEN
                                       Attorneys for Defendant
                                       ANDREW SMITHSON

13