# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI ORFF, an individual; and MICHELLE KRISTOL, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10;<br><br>    Defendants. | Case No. 3:17-CV-00116 W AGS<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**(EXHIBIT "A")** |

**WHEREAS** the parties, through counsel, agree that a protective order (the "ORDER") pursuant to Federal Rules of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information produced or disclosed in this action; and

**WHEREAS** the parties acknowledge that this Order does not confer blanket protection on all such documents and other information, but only on those entitled under applicable law to such protection;

THEREFORE, in accordance with the Parties' stipulation(s):

- 1 -

**1.     SCOPE OF ORDER:**

This order shall govern the handling of documents; depositions; deposition exhibits, testimony, and transcripts; interrogatory responses and responses to requests for admissions; pretrial testimony; affidavits, declarations, affidavit exhibits, and declaration exhibits; pleadings; evidence; and any other information produced, furnished or disclosed by any Party or third Party to any other Party in the above-captioned action (the "ACTION").  This information shall be referred to as **"LITIGATION MATERIAL".**

**2.     ADDITIONAL DEFINITIONS:**

(a) **PARTY** shall mean any Party to this Action, including its officers, directors, employees, consultants, retained experts, outside counsel and support staff, and those of its parents, subsidiaries, divisions, branches, affiliates, and predecessors or successors-in-interest.

(b) **PRODUCING PARTY** shall mean any Party or non-Party that produces, furnishes, or discloses Litigation Material in this Action.

(c) **RECEIVING PARTY** shall mean any Party that receives Litigation Material from a Producing Party.

(d) **DESIGNATING PARTY** shall mean a Party or non-Party that designates Litigation Material as Confidential Information or Attorneys' Eyes Only Information.

- 2 -

Proposed Protective Order                                    17-CV-116 W AGS

(e) **EXPERT** shall mean a person retained by a Party or its attorneys to give expert testimony in this Action who has been or will be disclosed pursuant to Federal Rule of Civil procedure 26(a)(2), who is not a former or current employee of any Party or of a competitor of any Party, and who, when retained, does not anticipate becoming an employee of any Party or of a competitor of any Party.

(f) **CONSULTANT** shall mean a person retained by a Party or its attorneys to consult with or advise it in this Action who is not a former or current employee of any Party or of a competitor of any Party and who, when retained, does not anticipate becoming an employee of any Party or of a competitor of any Party.

(g) **PROFESSIONAL VENDORS** shall mean persons or entities, including but not limited to court reporters, providing litigation support services, including but not limited to copying and exhibit preparation, in this Action.

(h) **CONFIDENTIAL INFORMATION** shall mean Litigation Material that would qualify for protection under standards developed pursuant to Federal Rule of Civil Procedure 26(c) and applicable law.

(i) **ATTORNEYS' EYES ONLY INFORMATION** shall mean:

   (i) Confidential Information that affords the Producing Party actual or potential economic advantage or

- 3 -

    (ii)     Confidential Information disclosure of which would create a risk of injury to the Producing Party that cannot be avoided by less restrictive means.

(j)   **PROTECTED MATERIAL** shall mean Litigation Material that has been designated as Confidential Information or Attorneys' Eyes Only Information.

(k)   **AGREEMENT TO BE BOUND** shall mean the agreement attached to this Protective Order as Exhibit 1.

(l)   **AFFIDAVIT OF DESTRUCTION OF DOCUMENTS** shall mean the affidavit attached to this Protective Order as Exhibit 2.

**3.**   **DESIGNATION OF PROTECTED MATERIAL:**

(a) **Designation of Documents and Things**

Any Designating Party having a good faith belief that Litigation Material meets the definitions set out in either Paragraph 2(h) or 2 (i) above, may designate at or prior to the time of production such Litigation Material as **Confidential Information** by placing on each page and thing to which the designation applies the legend "Confidential Information Subject to Protective Order in <u>Kali Orff and Michelle Kristol v. City of Imperial, et al.</u> United States District Court, Southern District of California Case No. 3:17-CV 00116 W AGS" or as **Attorneys Eyes Only Information** by placing on each page and thing to which the designation applies the legend "Attorneys Eyes Only

Information Subject to Protective Order in Kali Orff and Michelle Kristol v. City of Imperial, et al. United States District Court, Southern District of California Case No. 3:17-CV 00116 W AGS"

In the event a Producing Party elects to produce documents or things for inspection, no designation need be made by the Producing Party in advance of the inspection, and all inspected material shall be treated as **Attorney's Eyes Only Information** until copies are designated, if applicable, and delivered to the Receiving Party.

All documents and things, and copies thereof, produced in this Action shall be given unique bates production numbers by the Producing Party, and each Producing Party shall identify itself by use of a unique production number prefix.

(b) **Designation of Testimony**

Any Designating Party having a good faith belief that testimonial Litigation Material meets the definitions set out in either Paragraph 2(h) or 2(i) above, may designate such testimony as Protected Material by so indicating on the record at the deposition or other proceeding.

When it is impractical to designate separately each portion of testimony that is Protected Material, the Designating Party may invoke on the record the right to designate in writing, within 20 calendar days from receipt of the official transcript, the specific

- 5 -

portions of the transcript that are Protected Material.  Until that 20-day period has elapsed, the transcript shall be treated as **Attorneys' Eyes Only Information.**

When information contained in a transcript is designated as Protected Material, the Designating Party shall have the responsibility to arrange for the reporter to label appropriately the designated portions of the transcript and any designated deposition exhibits.

When Protected Material is to be disclosed at a deposition or other proceeding, the Designating Party may exclude from the room any person not qualified to receive the Protected Material under the terms of this Order.

(c)   **Inadvertent Failure to Designate**

An inadvertent failure to designate Litigation Material as Protected Material according to the procedures set out in Paragraphs 3(a) and 3(b), above, shall not, in itself, be deemed a waiver of the right to do so, and may be corrected by providing appropriate written designation of the material within 10 calendar days from the date of production or testimony.

(d)   **Objection to Designation**

At any time, and consistent with the Court's Scheduling Orders, any Party may object to the designation of Litigation Material as Protected Material by providing counsel for the

- 6 -

Designating Party with written notice of its objection and the reasons for it.  Within 10 calendar days thereafter, the Designating Party shall provide a written statement of the basis for the designation.  Within 5 calendar days thereafter, the parties shall confer in a good faith effort to resolve the objection. If it is not resolved, the objecting party shall have 5 calendar days from the date of the conference to apply to the Court, pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), for an order declaring that the designation to which it objects is not consistent with this Order.

Upon objection, Protected Material shall continue to be treated as designated until

(i)    the Designating Party removes the designation; or

(ii)   the objecting party fails to move for a an order declaring that the designation is not consistent with this Order within the allotted time; or

(iii)  the Court grants the objecting party's motion.

On such motion, the Designating Party shall have the burden of establishing that its designation is consistent with this Order.

**4.    USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION:**

A Receiving Party may use **Confidential Information** only to prosecute, defend, or settle this litigation.  Unless otherwise ordered by the

- 7 -

Court or authorized in writing by the Designating Party, a Receiving Party may disclose **Confidential Information** only to:

(a)   its Outside Counsel;

(b)   its officers, directors, and employees, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound;

(c)   Experts, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound;

(d)   Consultants, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound;

(e)   Testifying witnesses, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound;

(f)   the author of the document or source of the information;

(g)   any person having knowledge of the Protected Material demonstrably acquired in the ordinary course;

(h)   the Court and its personnel;

(i)   Professional Vendors, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound;

- 8 -

## 5. USE AND DISCLOSURE OF ATTORNEYS' EYES ONLY INFORMATION:

A Receiving Party may use **Attorneys' Eyes Only Information** only to prosecute, defend, or settle this litigation. Unless otherwise ordered by the Court or authorized in writing by the Designating Party, a Receiving Party may disclose **Attorneys' Eyes Only Information** only to:

(a)  its Outside Counsel;

(b)  the author of the document or source of the information;

(c)  the Court and its personnel;

## 6. FILING PROTECTED MATERIAL

1.  No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

2.  The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

- 9 -

Proposed Protective Order                              17-CV-116 W AGS

3.      If the court grants an application to file a document under seal, a redacted version of the document shall be e-filed.  A courtesy copy of the unredacted document shall be delivered to the chambers of U.S. Magistrate Judge Thomas J. Whelan.

All documents ordered filed under seal shall be filed in sealed containers bearing either the legend "**Confidential Information** Subject to Protective Order <u>Kali Orff and Michelle Kristol v. City of Imperial, et al.</u> United States District Court, Southern District of California Case No. 3:17-CV 00116 W AGS or the legend "**Attorneys' Eyes Only Information** Subject to Protective Order in <u>Kali Orff and Michelle Kristol v. City of Imperial, et al.</u> United States District Court, Southern District of California Case No. 3:17-CV 00116 W AGS

**7.     SUBPOENAS OR ORDERS TO PRODUCE PROTECTED MATERIAL:**

If a Receiving Party or its Counsel is served with a subpoena issued or Order entered in other litigation that would compel disclosures of Protected Material, the Receiving Party or Counsel receiving the subpoena or Order must immediately notify the party causing the subpoena or Order to issue that the Protected Material is subject to this Order, shall provide counsel for the Producing and Designating Parties with a copy of that subpoena or Order by facsimile or email, and shall not disclose any Protected Material without either the prior written consent of the Designating Party or on Order of a court of competent jurisdiction.  The

Proposed Protective Order                                    17-CV-116 W AGS

Producing Party holds the burden of moving to quash that subpoena or Order.

**8.    USE OF PROTECTED MATERIAL AT TRIAL:**

At the trial of this case, the parties agree that the protection of the confidentiality of Protected Material shall continue to the maximum extent permitted by the court, pursuant to such procedures as the court may require.

**9.    FINAL DISPOSITION OF PROTECTED MATERIAL:**

(a)    Unless the Court orders otherwise:

1.    Within twenty-one (21) days after the conclusion of this litigation, counsel or any party making a disclosure of Protected Material shall request in writing the affidavit attached to this Protective Order Regarding Confidential Information as Exhibit 2, required by subparagraph 9(b)(ii), herein below from all individuals receiving any Protected Material. The request shall include notification to the recipients that the litigation has concluded. Copies of such requests shall be filed, under seal, with the Court, upon application and Order.

2.    Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each person who has received or obtained Protected Materials, pursuant to this ORDER shall:

- 11 -

       (i)     Destroy all such documents which are in his/her possession, custody or control, and

       (ii)    serve upon counsel for the Receiving Party an affidavit in the form attached to this Protective Order Regarding Confidential Information as Exhibit 2, attesting that he/she has destroyed all Protected Materials as required by subparagraph 9(a)(2)(i), hereinabove.

(b)    Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, counsel for the Receiving Party shall:

1.    Return the original and all copies of the Protected Materials provided by Producing Party which are in the possession, custody or control of such counsel for the Receiving party; and

2.    Inform counsel for Producing Party in writing of

       (i)     the identity of any Protected Material, known to the Receiving Party or counsel for the Receiving Party, which has not been destroyed in the manner required by this ORDER, and

       (ii)    the identity of any person who has failed to destroy each such document and/or item of information and

- 12 -

failed to return the Affidavit required by paragraph 9(a)(2) hereinabove.

(c)   Notwithstanding this requirement, Outside Counsel for the Receiving Party may retain a record of the Action, including but not limited to

(i)   its correspondence file;

(ii)   its pleadings file;

(iii)   any briefs or appendices on appeal;

(iv)   all work product or counsel, including but not limited to notes, outlines, legal research and document drafts;

(v)   deposition transcripts and accompanying exhibits.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:

If a Receiving Party discloses Protected Material inadvertently or in some other manner not authorized by this Order, it shall immediately notify the Designating Party of the disclosure, make a good faith effort to obtain the return of the Protected Material, and provide a copy of this Order to the person or entity to whom the unauthorized disclosure was made.

## 11.   NOTICE AND AVAILABILITY OF ORDER TO NON-PARTIES:

Any Party seeking discovery from a non-party to this Action shall enclose with its subpoena a copy of this Order. Any non-party from whom discovery is sought may obtain the protection of this Order by executing the Agreement to Be Bound attached to this Protective Order as Exhibit 1.

**12.   NO WAIVER OR ADMISSION:**

Nothing in this Order shall waive or prejudice the right of any Party to object to disclosure or admission into evidence of Litigation Material on any proper ground, including that of privilege.  Nothing in this Order shall waive or prejudice the right of any Producing Party to use or disclose its own Litigation Material.  Execution or compliance with the terms of this Order shall not operate as an admission that any particular Litigation Material is or is not relevant to this Action, and the designation or non-designation of Litigation Material shall not be admissible as evidence in the Action for any purpose.

**13.   RELIEF FROM ORDER:**

Nothing in this Order shall waive or prejudice the right of any person to move or apply to the Court for an Order modifying it.

**14.   SURVIVAL OF OBLIGATIONS:**

This Order shall remain in effect until modified, superseded, or terminated by written agreement of the Parties or further order of the Court.

**15.   AGREEMENT TO TERMS:**

By their signature upon the joint motion for the entry of this order (Doc.   No.        ), counsel for the parties signify their understanding of this order and their agreement to abide by its terms unless and until it is modified or superseded by further Order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with

- 14 -

this Order, to control duplication of, access to and distribution of copies of confidential information and to collect and return all confidential documents at the conclusion of this litigation.

**IT IS SO ORDERED.**

DATED: _____

_____

Andrew G. Schopler
U.S. Magistrate Judge
United States District Court

cc:    The Honorable Thomas J. Whelan
       All Parties and Counsel of Record

Proposed Protective Order            17-CV-116 W AGS

McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole Barvie, Esq. (SBN 282352)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

Attorneys for Defendants CITY OF IMPERIAL, also erroneously sued herein as Imperial Police Department and MIGUEL COLON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI ORFF, an individual; and MICHELLE KRISTOL, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10; <br><br> Defendants. | Case No. 3:17-CV-00116 W AGS <br><br> **ACKNOWLEDGMENT OF PROTECTIVE ORDER** <br><br> **(EXHIBIT 1)** |

The undersigned states subject to the penalties for perjury:

1.     I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert or consultant.

- 16 -

Proposed Protective Order                                      17-CV-116 W AGS

2.      I have been furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.      I promise to abide by the Protective Order with respect to confidential documents and information furnished to me in this litigation.

4.      As a condition to receipt of documents marked confidential in this litigation, I consent to personal jurisdiction over me in the United States District Court, Southern District of California, solely for the purpose of enforcing the Protective Order.


Signed: _____


Signed this ____ day of _____, 2018


Print Name: _____

Proposed Protective Order                                    17-CV-116 W AGS

McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole Barvie, Esq. (SBN 282352)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

Attorneys for Defendants CITY OF IMPERIAL, also erroneously sued herein as Imperial Police Department and MIGUEL COLON

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| KALI ORFF, an individual; and MICHELLE KRISTOL, an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; CHIEF MIGUEL COLON, an individual; ANDREW SMITHSON, an individual; and DOE OFFICERS 1–10;<br><br>        Defendants. | Case No. 3:17-CV-00116 W AGS<br><br>**AFFIDAVIT OF DESTRUCTION OF DOCUMENTS (EXHIBIT 2)** |
| --- | --- |

The undersigned states subject to the penalties for perjury:

1.    I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert, consultant or investigator.

- 18 -

Proposed Protective Order                                        17-CV-116 W AGS

2.   I was furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.   I have received notice that this litigation has concluded.

4.   I certify that I have destroyed and deleted all of the documents protected by the Protective Order, including all records and data reflecting confidential information contained in or derived from such documents, whether in the form of a writing, photograph, video image and/or any form of electronically stored information or media.

Signed: _____

Signed this \_\_\_\_ day of _____, 2018

Print Name: _____

Proposed Protective Order                                     17-CV-116 W AGS